# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GILBERT MERRELL WYNNE, et al.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>No. 01-4936 |

**MEMORANDUM/ORDER**

On September 29, 2001, plaintiff Securities and Exchange Commission ("SEC") sued defendants Gilbert Merrell Wynne, Richard V. Dear, Stephen W. Beik, Kingdom Growth Fund, Ltd. ("Kingdom Growth"), Kingdom Financial Services ("Kingdom Financial"), and Orthodox Church of Jesus Christ, Inc. ("Orthodox Church") for allegedly engaging in a fraudulent scheme involving the offer and sale of unregistered securities in violation of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77a *et seq.*, the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78a *et seq.*, and Rule 10b-5, 17 C.F.R. § 240.10b-5. On February 14, 2003, plaintiff filed a motion seeking (1) a default judgment, (2) permanent injunction, (3) disgorgement, and (4) prejudgment interest (Doc. No. 16). On May 21, 2003, this court granted default judgment against five of the six defendants, including Wynne and Dear (Doc. No. 17). On July 8, 2004, after a hearing to assess damages, this court issued an order enjoining the same five defendants from violating Sections 5(a), 5(c), and 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5, and mandating the disgorgement of illegally-obtained profits, but reserving the issue of civil penalties (Doc. No. 30). The SEC now moves for the

imposition of civil penalties against Wynne and Dear (Doc. No. 47). Defendants have not responded to the motion.

15 U.S.C. §§ 77t and 78u establish a three-tier system of civil penalties for securities violations. "At a minimum, imposition of a first tier penalty is appropriate for each violation." *SEC v. Kenton Capital, Ltd.,* 69 F. Supp. 2d 1, 17 (D.D.C. 1998). Second tier penalties apply to "any violation that involves fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." *Id.* §§ 77t(d)(2)(B), 78u(d)(3)(B)(ii). Third-tier penalties apply to violations that (1) qualify for second tier penalties, and (2) "directly or indirectly resulted in substantial losses or creates a significant risk of substantial losses to third persons." *Id.* §§ 77t(d)(2)(c), 78u(d)(3)(B)(iii). The SEC seeks third-tier penalties against Wynne and Dear in the statutory maximum amount of $110,000 each. *See id.*; *see also* SEC Securities Act Release No. 33-7361, 1996 SEC LEXIS 3264 (November 1, 1996) (increasing the maximum third-tier monetary penalties for natural persons from $100,000 to $110,000).

In the complaint, the SEC alleges that, between November 1998 and November 1999, defendants set up Kingdom Growth, Kingdom Financial, and Orthodox Church to sell unregistered securities with the promise of returns of 15-50 per cent each month.[1] Compl. at 1. Plaintiff alleges that, using these organizations, Wynne and Dear raised at least $2.2 million from more than 200 investors in Pennsylvania and other states. *Id.* at 2. Wynne used those

---

[1] Because this court entered a default judgment against Wynne and Dear, I will take the factual allegations in the complaint, excepting those relating to damage amounts, as true. *Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.,* 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007); *accord, e.g., Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

funds for personal and business expenses, to pay existing investors, and to provide commissions to Dear and other salespeople. *Id.*

These facts show both (1) fraud, and (2) monetary losses to third parties, satisfying the requirements for third-tier penalties. *See SEC v. Kenton Capital*, 69 F. Supp. 2d 1, 17 (D.D.C. 1998) (imposing third-tier penalties for similar violations of the securities laws). In determining whether penalties should be assessed, and the appropriate amount, however, courts also consider "[a] wide variety of factors . . ., including the egregiousness of the violations, the isolated or repeated nature of the violations, the degree of scienter involved, the deterrent effect given the defendant's financial worth, and other penalties arising from the conduct." *SEC v. Pardue*, 367 F. Supp. 2d 773, 778 (E.D. Pa. 2005). Here, defendants defrauded numerous investors by promising excessively high rates of return on imaginary investments. In other words, defendants repeatedly engaged in knowing and egregious conduct. Although the SEC has not presented evidence of the defendants' net worth, that conduct alone amply justifies the imposition of the maximum statutory penalty. *See, e.g.*, *Kenton Capital*, 69 F. Supp. 2d at 17 (imposing large civil penalties based on only a risk of large losses to investors); *SEC v. BigPlayStocks.com, Inc.*, SEC Litig. Release No. 17901, 2002 SEC LEXIS 3210 (December 18, 2002) (noting a federal court decision imposing a $110,00 penalty against a defaulting defendant who sold fake stock recommendations). Accordingly, civil penalties of $110,000 each will be assessed against Wynne and Dear.

For these reasons, it is, this 19th day of July, 2010, hereby **ORDERED** that plaintiff's Motion for Imposition of Civil Penalties on defendants Gilbert Merrell Wynne and Richard V. Dear (Docket No. 47) is **GRANTED**, and it is **FURTHER ORDERED** that defendants Wynne

and Dear shall each pay a civil monetary penalty in the amount of $110,000 to the plaintiff Securities and Exchange Commission within thirty (30) days of the date of this Order.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.